FILED
United States Court of Appeals
Tenth Circuit

October 10, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CIPRIANO CARDENAS-URIARTE,

Defendant - Appellant.

No. 12-2007

(D. New Mexico)

(D.C. No. 1:10-CR-01563-JAP-1)

ORDER AND JUDGMENT[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Cipriano Cardenas-Uriarte, seeks to appeal his conviction following his plea of guilty to several counts of distribution of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

methamphetamine. His appointed counsel, Edward O. Bustamonte, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Mr. Cardenas-Uriarte has filed a *pro se* response to that brief, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and Mr. Cardenas-Uriarte's response, as well as our own careful review of the record. For the reasons set forth below, we agree with Mr. Bustamonte that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

In a series of controlled purchases between March and November 2009, involving Mr. Cardenas-Uriarte and confidential informants, Mr. Cardenas-Uriarte distributed a total of 321.5 grams of a substance containing methamphetamine, of which 174.9 grams was actual methamphetamine. He was arrested and ultimately pled guilty to four counts of distribution of fifty grams and more of methamphetamine and two counts of distribution of less than fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B) & (C). The district court sentenced Mr. Cardenas-Uriarte to 120 months' imprisonment, followed by five years of supervised release. The 120-month sentence was thirty-one months below the advisory sentence range calculated under the United States Sentencing Commission, Guidelines Manual ("USSG").

-2-

Mr. Cardenas-Uriarte's appointed counsel filed this appeal. As indicated, that counsel has moved to withdraw as counsel pursuant to <u>Anders</u>.

## DISCUSSION

In <u>Anders</u>, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." <u>Anders</u>, 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." <u>Id.</u> The defendant may then "raise any points that he chooses." <u>Id.</u>

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. <u>Id.</u> If the court so finds, it may grant defense counsel's request to withdraw and dismiss the appeal. <u>Id.</u> "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." <u>Id.</u>

Mr. Cardenas-Uriarte pled guilty without the benefit of a plea agreement. At the plea hearing, the following exchanges occurred:

**THE COURT**: Are you under the care of a doctor today?

**THE DEFENDANT**: Yes.

**THE COURT**: Are you taking medicine?

-3-

**THE DEFENDANT**: Yes.

**THE COURT**: What kind of medicine?

**THE DEFENDANT**: Diabetes medication, high blood pressure, high cholesterol, and depression.

**THE COURT**: All right. Now, do those medicines and the treatment interfere with your ability to understand the case and understand what Mr. Bustamonte is telling you about the case?

**THE DEFENDANT**: No, not at all.

**THE COURT**: All right. You feel okay?

**THE DEFENDANT**: I didn't take any medications today because I wanted to make sure that we could take care of this paperwork.

**THE COURT**: All right. So because of that you feel all right, you're clearheaded, and you understand what's going on?

**THE DEFENDANT**: Yes.

**THE COURT**: Are you satisfied with your lawyer?

**THE DEFENDANT**: Yes.

**THE COURT**: And Mr. Bustamonte, do you think your client's competent to enter a plea?

**MR. BUSTAMONTE**: He is, Judge.

. . . .

**THE COURT**: "[Y]ou want to proceed today without a plea agreement and face whatever penalty is imposed, is that right?

**THE DEFENDANT**: Yes.

**THE COURT**: Now, Mr. Bustamonte has explained the sentencing guidelines to you, hasn't he?

-4-

**THE DEFENDANT**: Yes.

Tr. of Plea Hr'g at 4-5, 7; R. Vol. 3 at 4-5, 7.

Mr. Bustamonte suggests that one "possible issue" for appeal is "whether the trial counsel inadequately and ineffectively represented Mr. Cardenas-Uriarte." Appellant's Br. at 4. We have stated that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "[E]ven if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings . . . so the reviewing court can have the benefit of the district court's views." Id. We see no reason to depart from that general rule in this case.

In his *pro se* submission, Mr. Cardenas-Uriarte argues that there is a "question [whether] Appellant was in a competent state of mind to take a plea of guilty on June 2, 2011." 8/10/12 Pleading at 2. He further questions "[w]hether the requirements for a guilty plea were met under Fed. R. Crim. P. 11 . . . [including] [a]dvising and [q]uestioning the Defendant [under] Rule 11(b)(1) . . . [and] [e]nsuring that [p]lea [wa]s [v]oluntary [under] Rule (b)(2)." Id. Mr. Cardenas-Uriarte cites the testimony relating to his medications in the plea hearing to support his claim that he was not mentally competent to plead guilty.

"Rule [11] requires the court to accept a guilty plea only after engaging in an extensive colloquy advising the defendant of his rights and questioning the defendant to be sure he understands those rights and is entering the plea voluntarily." United States v. Villa-Vazquez, 536 F.3d 1189, 1199 (10th Cir. 2008). Mr. Cardenas-Uriarte argues that his "statement that he [Mr. Cardenas-Uriarte] did not take his medicine on the date of the hearing; [p]articularly. the medicine for his depression, should have brought awareness to the court that [he] was in no mental capacity to [m]ake a decision o[n] a plea." 8/10/12 Pleading at 3. We disagree. Mr. Cardenas-Uriarte specifically declined to take his medications so that he would be able to accept a plea. The colloquy between the court and Mr. Cardenas-Uriarte provides no basis for thinking that he was in any way impaired or unable to understand what he was doing. His argument would permit defendants on medication to circumvent the requirements for a valid guilty plea, by refusing to take their medications and then blaming their "involuntary" guilty plea on the failure to take those medications. He points to no other claimed inadequacies in the colloquy to support his argument and we can see none.

We discern no other basis upon which to question the validity and reasonableness of Mr. Cardenas-Uriarte's conviction and sentence.

## CONCLUSION

We agree with Mr. Bustamonte that no meritorious basis exists for Mr. Cardenas-Uriarte to appeal either his conviction or sentence. We therefore GRANT counsel's motion to withdraw and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge